# IN THE MATTER OF MANUEL APONTE CINTRON, Bankrupt.

San Juan, Bankruptcy, No. 366.

Opinion filed December 1, 1923.

*Mr. Vicente Zayas Pizarro* for petitioning creditors.

*Mr. E. Flores Colon* appearing for himself.

ODLIN, Judge, delivered the following opinion:

In this case there has been paid to the attorney E. Flores

Colon, by order of the former referee in bankruptcy, a total of $4,000, the said E. Flores Colon being attorney for the bankrupt. The case began on September 22, 1921, a trustee was appointed by the former referee on October 10, 1921, and on November 17, 1921, the former referee, whose name is Arturo Ortiz Toro, directed the trustee to pay to the said E. Flores Colon the sum of $3,000, and on February 9, 1922, the said former referee ordered the trustee to pay to said E. Flores Colon the further sum of $1,000, making a total of $4,000 in fees which have been received by the said E. Flores Colon.

It appears that on November 17, 1921, when the first order was signed allowing the attorney $3,000, that sum was not in the possession of the trustee, so he paid to said E. Flores Colon the sum of $1,500 on that same day, and the other $1,500 was not paid until September 17, 1922, which was seven months after the second allowance of $1,000.

Application was made to this court on behalf of certain creditors for a refund by said E. Flores Colon of all this sum of $4,000 except such part thereof as would be reasonably allowed to the said attorney acting for the bankrupt. Answer to the petition for review was filed by the said E. Flores Colon and evidence was recently taken before the undersigned judge at Ponce, and I am satisfied from the evidence that the complaining creditors knew nothing about this outrageous and unauthorized act on the part of the former referee until shortly before they filed their petition for a review. The fact that the petition for review was filed before the judge of this court and not before the referee can be explained by the fact that the judge of this court himself directed that the matter be referred to the judge of this court, inasmuch as the former referee who

made the allowance resigned his position in order to avoid the investigation of certain charges which were to be presented against him, and the present referee desired to have this court pass upon this matter.

I find from all the evidence in this case that the bankrupt, Manuel Aponte Cintron, had actual assets of less than $9,000, as shown by the report of the trustee. It is true that he had nominal assets of something like $80,000, but the principal items consisted in parcels of real estate which were mortgaged for their full value and which were turned over to the mortgagees, so that the total sum actually in the hands of the trustee was, as heretofore stated, less than $9,000, of which the trustee's report shows the sum of $8,170.43 has been paid out for expenses and fees to various attorneys, no creditor having received a dollar. I have never known of such an unauthorized and wicked abuse of the bankruptcy law as is disclosed by the evidence taken in this case. The attorney E. Flores Colon attempts to defend by explaining that he did a large amount of work for the benefit of the trustee and for the benefit of the creditors. This defense is worthless when it is taken into consideration that he was the attorney for the bankrupt and that two other attorneys in Ponce, Mr. R. V. Perez Marchand and Mr. F. B. Fornaris, were both engaged by the trustee as attorney for the trustee (the matter of the fees allowed to these two last-named lawyers will be passed upon by this court later), so that even assuming that it was proper for the said lawyer E. Flores Colon to perform legal services for the trustee, he should look for his compensation to the lawyers Perez Marchand and Fornaris and not to the creditors.

I am convinced that an allowance of $400 to the said attor-

ney E. Flores Colon would have been the utmost proper for him to receive in connection with this case, and that if this court were to allow him any sum in excess thereof a great injustice would be done the creditors of the bankrupt.

It is therefore Ordered that the said E. Flores Colon on or before the 31st day of December, 1923, refund the sum of $3,600, being all the fees received by him as attorney in the above-mentioned cause, except the sum of $400;

And it is further Ordered that inasmuch as proceedings are now pending in this court for the removal, as trustee, of A. Blasini, who made the payments complained of under the order of the former referee, Arturo Ortiz Toro, the said sum of $3,600 be deposited with the clerk of this court at San Juan to await the further order hereof.

To this order the said E. Flores Colon excepts.

Done and Ordered in open court at San Juan, Porto Rico, this 1st day of December, 1923.